619 P.2d 482

STATE of Arizona, Appellee,

v.

Roger MASTER aka Robert Lee Mitchell, Appellant.

No. 4885.

Supreme Court of Arizona,
En Banc.

Oct. 7, 1980.

Rehearing Denied Nov. 18, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

David W. Curtis, Phoenix, for appellant.

HAYS, Justice.

Appellant submitted his case for determination by the court based on the grand jury transcripts, police departmental reports, testimony taken and argument heard in connection with various motions, and all documents in the court's file. Appellant was found guilty of three counts of rape, two counts of burglary, and one count of lewd and lascivious conduct. Taking jurisdiction pursuant to 17A A.R.S. Rules of the Supreme Court, rule 47(e)(5), we reverse and remand for a new trial.

At 2:00 p. m. on December 29, 1977, an officer with a crime prevention unit of the

Phoenix Police Department was patrolling the 1900 block of East Van Buren when he observed a green Oldsmobile with Texas plates in the driveway of the Shady Park Motel. Appellant appeared to the officer to have gotten out of the car on the passenger side and was walking around the back of the car in the direction of a convenience store adjacent to the motel. The store had a parking lot available to its customers on the side away from the motel. At all times appellant kept his left hand in his front pants pocket.

Upon making the foregoing observation, the officer turned his vehicle around in order that he might better observe the situation. At the same time the driver of the green Oldsmobile turned the car around so that it was in a position to exit the driveway on to Van Buren. As the police officer made his turn, appellant abruptly turned around and walked back to the driver's side of the out-of-state car. At this point the officer decided to investigate, so he got out of his car and approached the green Oldsmobile.

As he approached on foot, the officer noted that appellant still had his left hand in his pants pocket and the officer also noted a bulge in the pocket obviously larger than appellant's hand. The officer asked the subjects what they were doing and stepped behind appellant, pulled appellant's left hand out of his pocket, then reached into the pocket and pulled out a roll of money.

## I

Appellant contends the initial stop violated his fourth amendment right to be free from unreasonable search and seizure.

■ When a police officer stops a person on the street and that person is no longer free to walk away, fourth amendment protections arise. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). While arrest requires probable cause or a warrant, there are circumstances where "a brief stop of a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." *Adams v. Williams*, 407 U.S. 143, 147, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972).

Like all warrantless intrusions on interest protected by the fourth amendment, the validity of the brief investigative stop recognized in *Terry v. Ohio, supra*, and *State v. Jarzab*, 123 Ariz. 308, 599 P.2d 761 (1979), turns on the reasonableness of the officer's actions under the circumstances.

■ In *State v. Jarzab*, 123 Ariz. at 311, 599 P.2d at 764, we said that "[w]hen confronted with strange or unusual activities, a police officer, as the public's representative delegated with the responsibility of maintaining law and order, should satisfy himself as to the innocence of the activity by all reasonable, lawful means." Moreover, when the police justify their conduct by saying they feared criminal activity was about to occur, they "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrants that intrusion." *Terry v. Ohio*, 392 U.S. at 21, 88 S.Ct. at 1880 (footnote omitted).

■ We must reverse here because appellant's conduct did not constitute the "strange or unusual activity" contemplated by *State v. Jarzab, supra*. See *Brown v. Texas*, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979). Appellant's activity observed by the police officer was no different from the activity one might expect of any pedestrian lawfully in the area. The officer's conclusion that an armed robbery might be about to occur was merely conjecture, not based on any articulable facts or reasonable suspicion.

We hold that the initial stop violated appellant's fourth amendment rights and that the roll of money taken from appellant's pocket in the search contemporaneous with his stop must be suppressed.

## II

Appellant also challenges his subsequent arrest and fingerprinting as well as searches of his person and motel room.

An illegal stop and the suppression of illegally obtained evidence do not act to bar subsequent prosecution. *United States v. Crews*, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980); *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). The United States Supreme Court recently said "the illegality of appellant's detention cannot deprive the Government of the opportunity to prove his guilt through introduction of evidence wholly untainted by the police misconduct." *United States v. Crews*, 445 U.S. at 474, 100 S.Ct. at 1251.

We do not decide here whether appellant's arrest or evidence obtained in the searches might stand or fall on their own merits because we cannot determine from the record whether appellant's arrest was exploitive of the illegal stop or "obtained by means sufficiently distinguishable from the illegal stop so that the taint of the official lawlessness may be considered purged." *Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963). We leave to the trial court upon remand the determination of whether appellant's arrest and subsequent detention were based on an independent source of information or resulted from the illegal stop and search.

Reversed and remanded for a new trial.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.